UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ruth Edwina Johnson,

        Plaintiff,                Civil Action No. 13-11648

      v.                    District Judge Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [8 & 13]

Plaintiff, Ruth Edwina Johnson, appeals Defendant Commissioner of Social Security's ("Commissioner") denial of her application for supplemental security income. *See* Dkt. 1, Compl. Before the Court are the parties' cross-motions for summary judgment. Dkts. 8 & 13. For the reasons set forth below the Court DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and, pursuant to 42 U.S.C. § 405(g), AFFIRMS the decision of the Commissioner of Social Security.

## I. BACKGROUND

Plaintiff is a woman in her late forties, with a high-school diploma and some college education. She was in the military, but the details of her service are not a part of the record; she has not worked since 2002. Plaintiff claims that she has severe pain in her back, legs, feet, and hands, and that she has a history of alcohol abuse, but that she has recently taken steps to become sober. Plaintiff claims that she walks with a cane, and that she has trouble holding and grasping things. A home aid is alleged to assist Plaintiff with many everyday tasks, including bathing, house chores,

grocery shopping, and occasionally dressing.

**A. Procedural History**

On August 13, 2010, Plaintiff applied for supplemental security income asserting that she became unable to work on January 1, 2008. Tr. 14. The Commissioner initially denied Plaintiff's disability application on December 21, 2010. *Id.* Plaintiff then requested an administrative hearing, and on September 28, 2011, she appeared with counsel before Administrative Law Judge Elliott Bunce, who considered her case *de novo*. *Id.* In a November 23, 2011 decision, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. *See* Tr. 14-20 . The ALJ's decision became the final decision of the Commissioner on February 11, 2013, when the Social Security Administration's Appeals Council denied Plaintiff's request for review. Tr. 1. Plaintiff filed this suit on April 12, 2013.

**B. Medical Evidence**

The ALJ had before him medical evidence provided by several physicians who treated Plaintiff over the years for her chronic pain complaints. Most relevant to his findings, and to this Court's review, are reports from Plaintiff's various physicians, including that of Drs. McIntosh, Arif, and Martens. Specifically, the doctors' reports support a finding of back, leg, and foot pain, possibly related to Plaintiff's alcohol use. Tr. 170-248, 277-366. They also support a finding of mild pain and weakness in the hands, and a need for the use of cane. As to the hands, what appears to be a radiologist's interpretation of x-rays taken of Plaintiff's hands suggests lower than normal bone density, very early degenerative change in one area of the hand, a slight flattening in another area, and minor or mild degenerative change in a third area of the hand. Tr. 188. Otherwise, the radiologist's report specifically stated that Plaintiff's hands and wrists are unremarkable. *Id.*

2

The ALJ left the record open for two weeks after the hearing for Plaintiff to submit further evidence in support of her claims of weakness and pain in her hands, and to more fully develop the record on the issue of her alcohol use. No additional evidence was submitted to the ALJ.

**C. Testimony at the Hearing Before the ALJ**

**1. Plaintiff's Testimony**

During the hearing, the ALJ questioned Plaintiff regarding her claims of disability. By way of this questioning, Plaintiff stated that she has rheumatoid arthritis in both hands, a nerve condition, and carpal tunnel syndrome. Plaintiff claimed that these conditions result in difficulty using her hands, the involuntary dropping of things, problems with writing and lifting. Plaintiff stated that sometimes she needs help dressing and undressing as a result of her hand troubles. She also explained that she uses a cane that was prescribed by her doctor. Additionally, Plaintiff stated that as a result of her back, leg, and foot problems she is incapable of grocery shopping or doing chores, and that a home healthcare aid assists her with those things, among others. Finally, Plaintiff states that she has an alcohol abuse problem, but that she has recently taken steps to address that problem.

**2. The Vocational Expert's Testimony**

The ALJ solicited testimony from a vocational expert to determine whether jobs would be available for someone with functional limitations approximating Plaintiff's, including the marginally supported claims of reduced capacity in Plaintiff's hands and reduced mental capacity as a result of Plaintiff's alcohol use. The ALJ asked about job availability for a hypothetical individual of Plaintiff's age, education, and work experience who was capable of work at the sedentary level that does not require more than frequent gripping and grasping and requires an accommodation for the use of a cane to walk and with the added requirement that the job needs to be simple, consisting of

routine, repetitious tasks with one or two-step instructions. The vocational expert testified that jobs meeting the parameters laid out above exist in sufficient numbers in the both the national economy and the economy of Plaintiff's more immediate vicinity. Examples of available jobs provided by the vocational expert included information clerk, general office clerk, and machine tender.

## II. THE ALJ'S APPLICATION OF THE DISABILITY FRAMEWORK

Under the Social Security Act, disability insurance benefits and supplemental security income "are available only for those who have a 'disability.'" *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505 (DIB); 20 C.F.R. § 416.905 (SSI).

The Social Security regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors

4

(age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); *see also* 20 C.F.R. §§ 404.1520, 416.920. "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 13, 2010, the date of her application for benefits. Tr. 16. At step two, he found that Plaintiff had the following severe impairments: degenerative disc and joint disease, osteoarthritis, rheumatoid arthritis, and substance abuse addiction disorder. *Id.* Next, the ALJ concluded that none of these impairments, alone or in combination, met or medically equaled a listed impairment. *Id.* Between steps three and four, the ALJ determined that Plaintiff had the residual functional capacity to perform work that does not require exertion above the sedentary level or more than frequent gripping or grasping, and that allows the use of a cane to walk. Tr. 17. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 19. At step five, the ALJ found that sufficient jobs existed in the national economy for someone of Plaintiff's age, education, work experience, and residual functional capacity. *Id.* The ALJ therefore concluded that Plaintiff was not disabled as defined by the Social Security Act from the application date through the date of his decision. Tr. 20.

## III. STANDARD OF REVIEW

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply

the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decision makers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247.

## IV.  ANALYSIS

### A. The ALJ's treatment of the evidence was appropriate

Plaintiff complains that the ALJ incorrectly discounted her testimony regarding her claimed disabilities. A plain reading of the ALJ's decision and review of the medical evidence does not suggest any error on the part of the ALJ. In fact, it appears from the record that the ALJ went out of his way to accommodate Plaintiff's claims, in that he included additional limitations in the hypothetical directed at the vocational expert. In particular the ALJ included in the hypothetical the alleged limitations in Plaintiff's hand use and mental capacity that are not as thoroughly supported by the medical evidence as would normally be required for inclusion in the hypothetical. Furthermore, the ALJ very generously indicated that he would hold the record open for an additional two weeks in order for Plaintiff to submit additional evidence in support of her hand and alcohol claims. Plaintiff never submitted any additional evidence.

It is the Court's opinion that the ALJ struck a fine balance between the more thoroughly documented back, leg, and foot complaints and the thinly documented hand claims in coming to his decision. Specifically, the Court finds that the ALJ's determination that Plaintiff is limited to sedentary work with the additional accommodation for cane use properly addresses Plaintiff's complaints about her back and lower extremities, which are supported by substantial evidence in the record. The ALJ's additional finding that Plaintiff is limited in her ability to follow directions and grip and grasp objects indicates to the Court the he gave more than sufficient weight to Plaintiff's testimony regarding these issues, as there was not, in the Court's opinion, substantial evidence supporting those claims. In other words, the ALJ gave Plaintiff the benefit of the doubt, and construed inferences in her favor that he was not required to so construe, and even then Plaintiff still

fell short of the statutory and regulatory threshold for a showing of disability.

## V. CONCLUSION

For the reasons set forth above, the   Court DENIES Plaintiff's Motion for Summary Judgment , GRANTS Defendant's Motion for Summary Judgment and, pursuant to 42 U.S.C. § 405(g), AFFIRMS the decision of the Commissioner of Social Security.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager